UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PRASAD MEDEPALLI,

        Plaintiff,

   v.

MAXIMUS, INC.,

        Defendant.

NO. CIV. 06-2774 FCD/EFB

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on plaintiff Prasad Medepalli's ("plaintiff") motion for leave to file a first amended complaint, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.  Plaintiff seeks to add an additional cause of action and to clarify dates cited in the original complaint. Defendant Maximus, Inc. ("defendant") opposes the motion.  For the reasons set forth below,[1] plaintiff's motion is DENIED.

    On October 6, 2006, plaintiff filed a complaint in the Superior Court of California, County of Sacramento.  The

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

complaint sought damages for violations of the California Labor Code and Industrial Welfare Commission Wage Orders.  Defendant removed the case to this court on the basis of diversity jurisdiction.  The court issued a pretrial scheduling order on March 12, 2007.  Discovery closes October 31, 2007, and the case is set for final pretrial conference on May 30, 2008 and trial on July 29, 2008.

Plaintiff contends that good cause exists to grant his motion for leave to amend the original complaint for several reasons.  Plaintiff asserts that allowing an additional cause of action based on California Business and Professions Code section 17200, *et. seq.*, will clarify that for the entire period of his employment with defendant he was not paid overtime wages. Plaintiff asserts that the original complaint contains sufficient facts to support this additional claim and that no new facts are alleged in the proposed amended complaint.  Plaintiff emphasizes that the original complaint alleges the same violations of California law relied upon for the new Business and Professions Code claim.

Plaintiff also maintains that allowing the complaint to be amended will result in no prejudice to defendant.  Plaintiff's counsel conferred with defense counsel regarding the proposed amendment, and defendant received a copy of the proposed first amended complaint with this motion.  Also, plaintiff asserts that no new discovery will be required because the Section 17200 claim has the same basis as the causes of action in the original complaint.  Finally, plaintiff contends that permitting the amendment will not require postponement of the dates already set

2

1  in the pretrial scheduling order.
2       Defendant asserts to the contrary that plaintiff cannot show
3  good cause for the amendment because plaintiff unreasonably
4  delayed seeking the amendment, and plaintiff filed this motion to
5  amend for "improper" reasons.
6       Because the court finds that plaintiff has not acted
7  diligently in seeking leave to amend, his motion is DENIED.
8       Rule 15's liberal policy of favoring amendments does not
9  apply once a court has entered a scheduling order.  Rather, Rule
10 16(b) requires a showing of good cause in order to permit a
11 subsequent amendment.  Fed. R. Civ. P. 16(b); Coleman v. Quaker
12 Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).  The primary
13 consideration in determining whether good cause exists is the
14 diligence of the party seeking the extension. Johnson v. Mammoth
15 Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  Thus,
16 plaintiff must show that he was diligent in meeting the
17 scheduling order's requirements.
18      Plaintiff fails to show good cause to allow amendment to the
19 original complaint.  The court entered the pretrial scheduling
20 order on March 12, 2007, but plaintiff filed this motion more
21 than six months after the order was entered.  More importantly,
22 plaintiff fails to explain any reason for this delay.  In fact,
23 plaintiff states that the cause of action he seeks to add is
24 "entirely based on the same period of employment and the same
25 California Labor Code violations previously pled in plaintiff's
26 original complaint." (Pl.'s Mot. to Amend at 8.)  Even though the
27 cause of action plaintiff seeks to add stems from the same facts
28 as the causes of action in the original complaint, plaintiff does

not explain why it took over a year from the time the original complaint was filed to file this motion.  Plaintiff's counsel's later research, referenced in the reply, does not supply good cause to amend.  Thus, plaintiff has not shown that he was diligent in moving to amend.

In addition to failing to show good cause, allowing plaintiff to amend the complaint would prejudice defendant.  Rule 16(b) does not require a showing of prejudice, but it can serve as a reason to deny a motion for leave to amend.  Coleman, 232 F.3d at 1295.  Despite plaintiff's assertions to the contrary, adding a Section 17200 claim likely would require additional discovery and an extension of the October 31 deadline to complete discovery.  Further delay in this case is unwarranted.

In sum, because plaintiff fails to show good cause to permit amendment of his complaint, plaintiff's motion for leave to amend the original complaint is DENIED.

IT IS SO ORDERED.

DATED: October 22, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE